IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE  v. CHARLES LAWUARY

**Direct Appeal from the Circuit Court for Madison County**
**No. 01-488     Roger Page, Judge**

---

**No. W2002-02739-CCA-R3-CD  - Filed October 17, 2003**

---

Defendant, Charles Lawuary, appeals from the trial court's order revoking Defendant's community corrections sentence and requiring him to serve the sentence in incarceration.  Defendant argues that the trial court abused its discretion in revoking the community corrections sentence.  After a review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Michael D. Rasnake, Jackson, Tennessee, for the appellant, Charles Lawuary

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; James W. Thompson, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

On January 30, 2002, Defendant pled guilty in the Madison County Circuit Court to three misdemeanor offenses: (1) attempted leaving the scene of an accident with injuries; (2) driving without a valid license; and (3) possession of marijuana.  Defendant received concurrent sentences, resulting in a total effective sentence of 11 months and 29 days in the county jail.  The trial court suspended Defendant's sentences and ordered the sentences to be served in the community corrections program.  On May 15, 2002, a community corrections violation warrant was issued.  The following grounds for revocation were alleged in the warrant: (1) Defendant failed to report new arrests in Gibson County on March 7, 2002; and (2) Defendant was convicted on March 13, 2002, of "new offenses" of resisting arrest, evading arrest, and leaving the scene of an accident in Gibson County.

The State's proof at the revocation hearing on September 12-13, 2002, was sparse. The State did not present evidence that would normally be introduced in a hearing concerning the allegations contained in a violation warrant similar to the one at issue in this case. Despite a one-day recess during the hearing, the State was unable to submit certified copies of the judgments of conviction in Gibson County. Also, there was no testimony or documentary evidence of the special conditions and rules of Defendant's community corrections sentence.

Following the hearing, the trial court ruled that it was not revoking the community corrections sentence based upon Defendant's alleged failure to report his arrests of March 7, 2002. The trial court did revoke the community corrections sentence based upon Defendant's convictions for offenses committed while on community corrections, and because of Defendant's "conduct unbecoming good citizenship." A defendant is entitled to notice of the bases upon which the State seeks to revoke probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973); *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-35-311 (1997). The requirement of notice applies in a community corrections revocation proceedings just as it does in probation revocations. *Bentley v. State*, 938 S.W.2d 706, 714 (Tenn. Crim. App. 1996). Because there is no evidence in the record that "conduct unbecoming good citizenship" was a violation of any condition of his community corrections sentence, and because this alleged ground was not charged in the violation warrant, we can readily dispense with that issue and conclude that it is not a proper basis to revoke Defendant's community corrections sentence.

Therefore, we are left to resolve whether Defendant's community corrections sentence was properly revoked because of his convictions for offenses committed while on community corrections. Defendant's aunt, Rebecca Jones, testified that Defendant contacted her after his arrest in Gibson County. Defendant was still in the Gibson County jail, and he told Ms. Jones his situation. He asked her to contact his community corrections supervisor, Carla Rogers, and inform Ms. Rogers that he had "picked up a charge." Ms. Jones testified that she made three unsuccessful attempts to contact Ms. Rogers by phone.

Finally, on April 1, 2002, Ms. Jones went to Ms. Rogers' office. Upon discovering that Ms. Rogers was not present, Ms. Jones left a note to Ms. Rogers on a "client contact form." This form was admitted as an exhibit. Ms. Jones acknowledged that she wrote the information in the "comments" section of the report, and testified that she wrote what the Defendant had told her. The comments section states "[Defendant] is presently in Gibson County jail for 90 days. He was riding with someone who had a [sic] accident. Charges are 30 days leaving the scene, 30 days resisting arrest, and 30 days evading arrest."

Officer Bruce Dodd of the Humboldt police department testified concerning Defendant's arrest on March 7, 2002. Officer Dodd was not specifically asked, nor did he offer, testimony as to the specific charges placed against Defendant on March 7, 2002. Moreover, the officer did not testify that these charges were filed in Gibson County. We can take judicial notice, however, that Humboldt is entirely within Gibson County. Tenn. R. Evid. 201(b). Officer Dodd stated that Defendant and another male were stopped while walking on the Highway 45 bypass for investigation

of leaving a wrecked car nearby. Dodd also testified that Defendant broke away from another officer with Dodd when Defendant was placed into custody, and that Defendant and his companion both ran away into a nearby swamp, where they were later apprehended. These facts support a strong inference that Defendant was arrested in Gibson County on March 7, 2002 for the offenses of leaving the scene of an accident, resisting arrest, and evading arrest. The testimony of Ms. Jones of what Defendant told her regarding his situation also supports a strong inference that Defendant was convicted in Gibson County on March 13, 2002, and was serving a 90-day sentence as a result of the March 7, 2002 charges.

Defendant complains on appeal that the trial court relied upon unreliable hearsay in revoking the community corrections sentence. The testimony of Ms. Jones was not inadmissible hearsay because it was an admission by Defendant. Tenn. R. Evid. 803(1.2). Defendant did not object to the testimony of Ms. Rogers that Defendant was *arrested* in Gibson County on March 7, 2002. The testimony of Officer Dodd was based entirely upon what Dodd personally observed at the time of Defendant's arrest on March 7, 2002, and was therefore not hearsay.

Our supreme court has held that in deciding whether to revoke a community corrections sentence, courts should apply the same principles utilized in probation revocations. *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991). A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. § 40-35-311(e) (Supp. 2002). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *Harkins*, 811 S.W.2d at 82. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation of probation or community correction sentence has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, and did not act arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). If the trial court finds that the defendant has violated the conditions of probation, the court may "commence the execution of the judgment as originally entered . . . ." Tenn. Code Ann. § 40-35-311(e) (Supp. 2002).

While the State did not offer the strongest evidence possible in support of the revocation of Defendant's community corrections sentence, the record reflects that the State introduced evidence, although circumstantial, that Defendant was convicted for "new offenses" which were committed while he was serving a community corrections sentence. Although the State did not submit any documentation of the rules and conditions of Defendant's supervised community corrections sentence, implicit in any sentence involving release in the community is the requirement that a defendant not commit new crimes. Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the reasons stated herein, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE